**JOSEPH SHAW CO. et al. v. BRASWELL.**

**No. 10801.**

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1949.

Carl F. Schaffer, Toledo, Ohio, Charles W. Owen, Toledo, Ohio, on brief, for appellants.

Malcolm W. Fraser, Toledo, Ohio, for appellee.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

HICKS, Chief Judge.

Plaintiff-appellee brought suit against defendants-appellants for infringement of his Patent No. 2,238,306, issued April 15, 1941, for a "Curb Feeler For Automobiles." The principal defense was noninvention. Infringement is conceded if the patent should be held valid.

The District Court decided that the patent was valid and infringed.

The patent is not a primary one. The specification states that its object is to provide certain improvements over a device in a pending application by Braswell for a similar purpose. It also called attention to Patent No. 2,141,844–1938 to Reznor for a signalling device. According to the specification, the principal object of the Braswell device is,—

" * * * to eliminate any necessity for the provision of any means whatever connected with or forming a part of the device for visually or audibly signalling the operator of a vehicle, but in sole reliance on the vibration and resonance of the vehicle fender for amplifying the sound caused by the engagement of the feeler with a curb or other obstacle; and finally, to provide the feeler proper of such form and so mounted that it will readily yield in any direction when it engages a curb or obstacle. * * * "

The patent has five claims. Typical is Claim 1, quoted in the margin.[1]

The Reznor patent and Brandes, No. 2,130,260, issued September 13, 1938, are the most pertinent prior art references. The Brandes application was filed April 29, 1936. In his specification Braswell states that he is familiar with the Reznor device, and, in law, he is held to be familiar with Brandes and all other prior devices. In all three patents (Braswell, Reznor and Brandes), the "curb feeler," in at least one form, is attached to the fender of the automobile and both Braswell and Brandes specifically, and Reznor implicitly, recognize the commonly known fact that an automobile fender is both resonant and vibratable. In each of the three devices the curb feeler is secured to the fender by means of clamps or brackets. In the Reznor device the feeler takes the form of a spiral spring, the upper end of which is rigidly attached to the side of the fender and the free end is positioned to extend beyond the outer line of the fender and sufficiently low to engage the curb. The free end is provided with a rod or reed-like extension which is set in vibration when it engages the curb. The outer end of the extension may be provided with a ball-like surface or bell for amplifying the sound and producing a warning signal through the resonant fender when the extension scrapes the curb.

In Brandes, the feeler is usually of rigid steel construction but not necessarily so. Its inner pointed end is attached to the fender by a clamp and its body portion extends outwardly so that as the car approaches, its pointed outer end will engage the curb and set up a vibration, which, transmitted through the fender, will give a sonic warning signal to the driver.

In the patent in suit, the feeler consists of a single piece of steel wire spirally coiled, both ends of which are interlocked and attached to the fender by a bracket. Thus is formed a horizontally extending loop, which, while the car is in motion, may strike the curb and set up a vibration through the resonant fender and thus give a sonic warning signal to the driver.

■ We do not find the inventive concept in any of the Braswell claims. Resonant and vibratable automobile fenders are old. Clamps and brackets are old, and so are helically coiled steel springs. Braswell found these elements in combination in Reznor and substituted the loop spiral spring for the Reznor spiral spring with its attendant ball or bell. It was not invention to engage the intermediate side portion of the looped spring, rather than the end of it, with the curb. It occurs to us that this is nothing more than the exercise of mechanical skill. But, this to one side, the Braswell combination produced neither a new result nor an old result in a materially better way. The Braswell device produced the warning signal just as it had been produced by Reznor and Brandes. If any improvement is indicated it is in degree only.

It is urged that the Patent Office granted the Braswell application over Reznor and Brandes and that the presumption of validity has not been overcome. As indicated above, we do not find ourselves in accord with this contention.

■ Appellee points to the commercial success of Braswell, but commercial success does not render valid a patent otherwise invalid.

The cause is reversed and the complaint dismissed.

---

1. "A device of the character described comprising: a bracket attachable to a resonant portion of the body of a vehicle, and a feeler formed of a helically coiled spring secured at its ends to said bracket, the portion intermediate said ends forming a loop disposed substantially in a horizontal plane and extended outwardly from said vehicle for engagement with a curb or the like, for the purpose described."